Scott Alan Burroughs (SBN 235718)
scott@donigerlawfirm.com
Trevor W. Barrett (SBN 287174)
tbarrett@donigerlawfirm.com
Andres Navarro (SBN 358499)
anavarro@donigerlawfirm.com
**DONIGER/BURROUGHS**
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

LINDA MATLOW, an individual,

Plaintiff,

v.

VALNET MEDIA USA, INC., doing business as "ScreenRant," a Delaware corporation; and DOES 1-10,

Defendants.

Case No.: 2:26-cv-13031

COMPLAINT FOR:

1. Copyright Infringement
2. Contributory Copyright Infringement
3. Vicarious Copyright Infringement
4. Violation of the DMCA: 17 U.S.C. § 1202

<u>Jury Trial Demanded</u>

Plaintiff Linda Matlow ("Plaintiff" or "Matlow"), by and through her undersigned attorneys, hereby prays to this Honorable Court for relief based on the following:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C. § 101 *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a)-(b).

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. Plaintiff Linda Matlow is an individual residing in Chicago, Illinois.

5. On information and belief, Plaintiff alleges that Defendant Valnet Media USA Inc. is a Delaware corporation doing business as ScreenRant ("Valnet" or "ScreenRant"), is registered to do business in the State of California, and conducts business in and with this district.

6. Defendants Does 1 through 10, inclusive (together with ScreenRant, "Defendants") are other parties who have infringed Plaintiff's copyright, have contributed to the infringement of Plaintiff's copyright, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual, or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, who therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

7. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter ego relationship, and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages proximately caused thereby.

## CLAIMS RELATED TO THE SUBJECT PHOTOGRAPH

8. Matlow is a renowned professional celebrity and music photographer whose award-winning work has featured figures such as Beyoncé, Bob Dylan, and Paul McCartney. Over a career in the entertainment industry spanning nearly five decades, Matlow has published thousands of original photographs in widely circulated magazines, books, and television programs, and has worked for clients including Disney, HBO, and Sony Pictures. Matlow also owns and operates the online photo archive www.pixintl.com, which specializes in coverage of major entertainment, cultural, and news events and features Matlow's original photography.

9. Matlow created and owns the original photograph of actor Macaulay Culkin with his family shown below ("the Subject Photograph"):

//

**Subject Photograph**




10. Matlow complied in all respects with the Copyright Act, 17 U.S.C. § 101 *et seq*., and is the sole owner of the exclusive rights, title, and interests in and to the Subject Photograph, which Matlow has registered with the United States Copyright Office.

11. Prior to the acts complained of herein, Matlow widely published, publicly displayed, and disseminated the Subject Photograph, including, without limitation, on her website www.linda-matlow.pixels.com, where it was properly credited to Matlow.

12. Matlow routinely published the Subject Photograph with copyright management information identifying and crediting Matlow as its author and owner.

13. Matlow alleges on information and belief that Defendants, and each of them, willfully copied, reproduced, publicly displayed, and distributed the Subject Photograph for commercial benefit without authorization, including by reproducing and displaying the Subject Photograph on www.screenrant.com, a website that Defendant ScreenRant owns, operates, controls, and/or maintains (“Infringing Use”). True and correct screen captures of the Infringing Use and their accompanying URLs are depicted below:

| **<u>Infringing Use</u>** |
|---|
| **URL**: https://screenrant.com/macaulay-culkin-family-trivia/ <br>  |

**URL**: https://screenrant.com/wp-content/uploads/2018/04/Culkins.jpg




14. The above exemplars are not meant to encompass all Infringing Use; the claims made herein extend to any image displayed, published, licensed, distributed, and/or sold by Defendants that incorporates without permission, in whole or in part, the Subject Photograph. Matlow has never authorized Defendants, or any of them, to copy, reproduce, distribute, create derivative works from, or otherwise exploit the Subject Photograph.

15. In 2023, Matlow sued Valnet for its unauthorized use of the Subject Photograph in Case No. 2:23-cv-02107 (C.D. Cal.) (the "Prior Action"). The parties ultimately reached a settlement, after which Valnet removed its prior infringing use of the Subject Photograph. Matlow did not grant Valnet any license to use the Subject Photograph after the Prior Action.

16. After the Prior Action, and without Matlow's authorization, Valnet once again exploited the Subject Photograph in the Infringing Use, which Matlow discovered in 2025. Each reproduction and public display of the Subject Photograph in the Infringing Use is a separate act of infringement.

17. On March 23, 2026, Matlow, through her attorneys, sent Valnet Media USA Inc. a demand to cease and desist from its infringing uses of Matlow's Subject Photograph. Defendants failed to reach a resolution with Matlow, necessitating this action.

## FIRST CLAIM FOR RELIEF

**(For Copyright Infringement - Against All Defendants, and Each)**

18. Matlow repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

19. Matlow alleges on information and belief that Defendants, and each of them, accessed the Subject Photograph through one or more sources, including, without limitation, Matlow's website, social media accounts, online profiles, and other online features; online publications and press coverage featuring Matlow's work; books and other print publications; third-party websites; and other publicly available online sources. Valnet also had direct access to the Subject Photograph through the Prior Action. Access is further evidenced by the Subject Photograph's exact reproduction in the Infringing Use.

20. Matlow alleges on information and belief that Defendants, and each of them, copied, reproduced, displayed, and distributed the Subject Photograph online for commercial benefit and without Matlow's authorization, including by uploading the Subject Photograph to servers that Valnet owns or controls and displaying it on www.screenrant.com.

21. Matlow alleges on information and belief that Defendants, and each of them, infringed Matlow's copyrights by creating infringing derivative works from the Subject Photograph and publishing and distributing the same to the public.

22. Due to Defendants', and each of their, acts of infringement, Matlow has suffered general and special damages in an amount to be established at trial.

23. Due to Defendants', and each of their, acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Matlow's rights in the Subject Photograph, including advertising revenue generated by the traffic the Infringing Use helped attract to www.screenrant.com. As such, Matlow is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Matlow's rights in the Subject Photograph in an amount to be established at trial.

24. Matlow alleges on information and belief that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional, and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to $150,000.00 per infringement and/or a preclusion from asserting certain equitable and other defenses.

## SECOND CLAIM FOR RELIEF

**(For Contributory Copyright Infringement - Against All Defendants, and Each)**

25. Matlow repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

26. Matlow alleges on information and belief that one or more third parties, including without limitation Does 1 through 10 (such as the web developers, marketing agents, and/or vendors retained, engaged, or authorized by Defendants to create, populate, and maintain ScreenRant's website), directly infringed Matlow's copyright in the Subject Photograph by reproducing, publicly displaying, and distributing the Subject Photograph as part of the Infringing Use without Matlow's authorization.

27. Matlow alleges on information and belief that Defendants, and each of them, knew or had reason to know of the infringing activity. Defendants had, at a minimum, actual knowledge of Matlow's rights in the Subject Photograph no later than the filing of the Prior Action against Valnet, and constructive knowledge arising from their ownership, operation, and control of ScreenRant's website on which the Infringing Use appeared. Despite such knowledge, Defendants continued to authorize and failed to remove the Infringing Use.

28. Matlow alleges on information and belief that Defendants, and each of them, induced, caused, and materially contributed to the infringing conduct by, among other things, directing the selection and publication of images on ScreenRant's website, providing the servers and platform through which the Subject Photograph was uploaded, stored, and displayed, and failing to take simple measures available to them to remove the Subject Photograph.

29. By reason of the Defendants', and each of their, acts of contributory infringement as alleged above, Matlow has suffered general and special damages in an amount to be established at trial.

30. Due to Defendants' acts of contributory copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Matlow's rights in the Subject Photograph. As such, Matlow is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Matlow's rights in the Subject Photograph, in an amount to be established at trial.

31. Matlow alleges on information and belief that Defendants, and each of them, have committed acts of contributory copyright infringement, as alleged above, which were willful, intentional, and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section

504(c)(2) of the Copyright Act in the sum of up to $150,000.00 per infringement and/or a preclusion from asserting certain equitable and other defenses.

**THIRD CLAIM FOR RELIEF**

**(For Vicarious Copyright Infringement - Against All Defendants, and Each)**

32. Matlow repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

33. Matlow alleges on information and belief that one or more third parties, including without limitation Does 1 through 10 (such as web developers, marketing agents, and/or vendors retained, engaged, or authorized by Defendants), directly infringed Matlow's copyright in the Subject Photograph by reproducing, publicly displaying, and distributing the Subject Photograph as part of the Infringing Use without Matlow's authorization.

34. Matlow alleges on information and belief that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise, control, and stop the infringing conduct. Defendants owned, operated, controlled, hosted, and/or had the contractual and practical authority to direct the content of ScreenRant's website and the third parties who created and maintained it, including the right to require removal of the Subject Photograph, and Defendants declined and/or failed to exercise that right to prevent the infringement.

35. Matlow alleges on information and belief that ScreenRant had the right and ability to supervise, control, and stop the infringing conduct. As the operator of the website www.screenrant.com, ScreenRant owned, operated, hosted, and/or controlled that website and directed the web developers, agents, and vendors (including the Doe Defendants) who created and maintained it, and had the authority to direct the content displayed on the website and to require removal

of the Subject Photograph. ScreenRant declined and/or failed to exercise that right to prevent the infringement. Defendants, and each of them, also received a direct financial benefit from the infringing conduct, because the Subject Photograph drew readers to the article containing the Infringing Use and thereby increased the advertising revenue Defendants derived from www.screenrant.com.

36. By reason of Defendants', and each of their, acts of vicarious infringement as alleged above, Matlow has suffered general and special damages in an amount to be established at trial.

37. Due to Defendants' acts of vicarious copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Matlow's rights in the Subject Photograph. As such, Matlow is entitled to disgorgement of Defendants' profits directly and indirectly attributable to their infringement of Matlow's rights in the Subject Photograph, in an amount to be established at trial.

38. Matlow alleges on information and belief that Defendants, and each of them, have committed acts of vicarious copyright infringement, as alleged above, which were willful, intentional, and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to $150,000.00 per infringement and/or a preclusion from asserting certain equitable and other defenses.

## FOURTH CLAIM FOR RELIEF

**(For Violation of 17 U.S.C. § 1202(a) and (b) - Against All Defendants, and Each)**

39. Matlow repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

40. Matlow routinely published and distributed the Subject Photograph together with copyright management information ("CMI") within the meaning of 17 U.S.C. § 1202(c), including the credit identifying Matlow as the author of the Subject Photograph that accompanied it on www.linda-matlow.pixels.com. This CMI was conveyed in connection with copies of the Subject Photograph that were publicly available and accessible to Defendants.

41. Matlow alleges on information and belief that Defendants, and each of them, in violation of 17 U.S.C. § 1202(b), intentionally removed and/or altered Matlow's CMI from the Subject Photograph, and/or distributed copies of the Subject Photograph knowing that Matlow's CMI had been removed or altered without authority, when they copied the Subject Photograph and incorporated it into the Infringing Use stripped of Matlow's identifying CMI.

42. Matlow alleges on information and belief that Defendants, and each of them, did so knowing, or having reasonable grounds to know, that such removal, alteration, and/or distribution would induce, enable, facilitate, or conceal an infringement of Matlow's rights in the Subject Photograph. Through the Prior Action, Valnet knew that Matlow owns the Subject Photograph and enforces her rights in it, and knew that displaying the Subject Photograph without her CMI would conceal its unauthorized use from Matlow and from the public.

43. Matlow alleges on information and belief that Defendants, and each of them, in violation of 17 U.S.C. § 1202(a), knowingly and with the intent to induce, enable, facilitate, or conceal infringement provided false CMI when they added their own logo, bylines, and attribution to the Subject Photograph within the Infringing Use, which conveyed to viewers that Valnet owned or was authorized to distribute the Subject Photograph.

44. Matlow alleges on information and belief that Defendants, and each of them, knew that they were providing false copyright management information to

their copies of the Subject Photograph and distributed copyright management information that was false at the time they distributed their unauthorized copies of the Subject Photograph.

45. Due to Defendants' violations of 17 U.S.C. § 1202, as alleged herein, Matlow has suffered and will seek to recover general and special damages in an amount to be established at trial, and/or statutory damages and attorneys' fees as provided in 17 U.S.C. § 1203.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

**Against all Defendants, and Each:**

With Respect to Each Claim for Relief:

**a.** That Defendants, and each of them, as well as their employees, agents, or anyone acting in concert with them, be enjoined from infringing Plaintiff's copyright in the Subject Photograph, including, without limitation, an order requiring Defendants, and each of them, to remove the Subject Photograph from their respective websites, marketing, and advertising materials and to cease distributing materials bearing unauthorized copies of the Subject Photograph;

b. That Plaintiff be awarded all profits of Defendants, and each of them, plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants, and each of them, through their infringement, the exact sum to be proven at the time of trial, and/or, to the extent available, statutory damages as available under 17 U.S.C. § 504, 17 U.S.C. § 1203, and other applicable law;

c. That a constructive trust be entered over any revenues or other proceeds realized by Defendants, and each of them, through their infringement of Plaintiff's intellectual property rights;

d. That Plaintiff be awarded her attorneys' fees as available under the Copyright Act 17 U.S.C. §§ 505 and 1203;

e. That Plaintiff be awarded her costs and fees under the statutes set forth above;

f. That Plaintiff be awarded statutory damages and/or penalties under the statutes set forth above;

g. That Plaintiff be awarded pre-judgment interest as allowed by law;

h. That Plaintiff be awarded the costs of this action; and

i. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the Seventh Amendment to the United States Constitution.

Respectfully submitted,

Dated: November 6, 2026

By: *<u>/s/ Scott Alan Burroughs</u>*
Scott Alan Burroughs, Esq.
Trevor W. Barrett, Esq.
Andres Navarro, Esq.
DONIGER / BURROUGHS
Attorneys for Plaintiff